PENN BRIDGE COMPANY v. COMMISSIONERS OF CHATHAM COUNTY et al.

(Filed 27 October, 1909.)

**Counties—Dividing Streams—Bridges—Cost Apportioned.**

Under the provisions of Revisal, 1318, subsec. 29, each county shall defray the charge of building bridges across a stream dividing them "in proportion to the number of taxable poles in each," and a statute providing that the divisional line shall run up the "middle of the stream" (river) in question and that said line shall be "surveyed and marked," does not vary the rule of apportioning the expenses of such bridges between the counties from that prescribed by said section.  Under the facts of this case Revisal, 2696, is inapplicable.

BRIDGE COMPANY *v.* COMMISSIONERS.

APPEAL by defendant from *Biggs, J.,* May Term, 1909, of CHATHAM.

The facts are stated in the opinion of the Court.

*H. A. London & Son* for plaintiff.
*Hayes & Bynum* for Commissioners of Chatham County.
*A. A. F. Seawell* for Commissioners of Lee County.

CLARK, C. J. This is an action against the county commissioners of Chatham and Lee to recover the balance due for the construction of three steel bridges over Deep River, a non-navigable stream dividing Chatham and Lee counties. There is no question as to the amount due the plaintiff. The controversy is between the defendants as to the apportionment of the recovery. The commissioners of Chatham contend that each county should pay one-half the cost of erecting the bridges, whereas the commissioners of Lee contend that the charge should be divided between the counties in proportion to the number of taxable polls in each.

Revisal, sec. 1318, subsec. 29, provides: "When a bridge is necessary over a stream which divides one county from another, the board of commissioners of each county shall join in constructing or repairing such bridge, and the charge thereof shall be defrayed by the counties concerned in proportion to the number of taxable polls of each."

Revisal, sec. 2696, as to building or repairing bridges over a stream which "divides one county from another," where the cost does not exceed $500, provides for the same basis of apportioning the cost between the two counties, "unless otherwise agreed upon by and between the commissioners of the respective counties." In this case no such agreement is averred; besides, the cost of each bridge exceeds $500.

The commissioners of Chatham urge, however, that this is not a case where "a stream divides one county from another," because the act creating Lee County (Laws 1907, ch. 624) provides that the line between Lee and Chatham shall run up "the middle of Deep River," and that said line shall be "surveyed and marked." We cannot see that this makes any difference. An examination of the acts creating counties show that in some instances, when a stream lies between two counties, the stream lies wholly in one of them, the line of the other county being at low-water mark on the other bank. This is the case as to the counties bordering on the Roanoke River, for instance. In other cases, as in this, the line is up the middle of the stream. In neither case is there any neutral territory, and either county has

criminal jurisdiction of offenses committed on or in the river. Revisal, sec. 3234; *State v. Lewis,* 142 N. C., 626.

In one of the later cases, *McPeters v. Blankenship,* 123 N. C., 651, the act provides, "One-half the river lies in Mitchell County and one-half in Yancey County," and the Court recognized the above section (now Revisal, sec. 1318, subsec. 29) as applicable and quote it in full.

The judgment apportioning the charge of constructing these bridges in proportion to the number of taxable polls in each county conforms to the evident intent of the Legislature, which is founded upon the calculation that, as a general rule, the number of taxable polls in the respective counties will approximate the benefit to be derived by the people of the respective counties. This benefit can in nowise be affected by the fact whether the county line is in the middle of the stream or on the edge of it. It may be that a juster rule would be an apportionment "in proportion to the assessed value of taxable property in each county," for property as well as persons passing over the bridge, but that is a matter for the Legislature.   The judgment is
Affirmed.